WISE, Judge.
Pursuant to a negotiated plea agreement, the appellant, Moisés Diaz Nieto, pleaded guilty to trafficking in marijuana, a violation of § 13A-12-231, Ala.Code 1975. The trial court sentenced the appellant to 11 years’ imprisonment; that sentence was split and he was ordered to serve 3 years’ imprisonment. In addition, the trial court ordered the appellant to pay a $50 assessment to the Crime Victims Compensation Fund, a $1000 assessment pursuant to § 13A-12-281, Ala.Code 1975, a $100 assessment pursuant to § 36-18-7(a), Ala.Code 1975, and a $25,000 fíne. This appeal followed.
The appellant contends that the trial court erred by finding that the “border-patrol agent” who stopped the appellant’s vehicle had reasonable suspicion to stop and search the vehicle. Specifically, the appellant argues that evidence obtained as a result of the search of his vehicle should be suppressed because, he says, no reasonable suspicion existed to stop the vehicle. We disagree.
In United States v. Brignoni-Ponce, 422 U.S. 873, 884, 95 S.Ct. 2574, 45 L.Ed.2d 607 (1975), the Supreme Court held:
“[0]fficers on roving patrol may stop vehicles only if they are aware of specific articulable facts, together with rational inferences from those facts, that reasonably warrant suspicion that the vehicles contain aliens who may be illegally in the country.”
(Footnote omitted.)
When stopping a vehicle, border-patrol agents must consider (1) the vehicle’s proximity to the border; (2) the usual patterns of traffic on the particular road; (3) the agent’s previous experience with alien traffic; (4) recent illegal alien border crossings in the area; (5) aspects of the vehicle; (6) the agent’s training; and (7) characteristics of the person’s appearance. United States v. Brignoni-Ponce, 422 U.S. at 885, 95 S.Ct. 2574.
Because the facts of the instant case are not in dispute with regard to the appellant’s participation in trafficking in marijuana, we review de novo the trial court’s ruling with regard to the appellant’s motion to suppress and the trial court’s interpretation of the term “reasonable suspicion” as applied to the undisputed facts. See State v. Hill, 690 So.2d 1201 (Ala.1996); Barnes v. State, 704 So.2d 487 (Ala.Crim.App.1997).
At the appellant’s suppression hearing, Alabama border-patrol officer, Laurence Weinbrenner, testified that on June 13, 1995, he was stationed on Interstate 20 observing traffic when he saw a 1985 purple Chevy Blazer sport utility vehicle with heavily tinted glass and Texas tags approach his stationary location. He observed a Hispanic male in the driver’s seat.
Upon catching up to the vehicle in his marked border patrol sedan, Agent Wein-brenner observed the vehicle weaving in the right-hand lane of traffic. He attributed this pattern of driving to nervousness caused by his pursuit. The driver appeared to be stiff and rigid and he looked straight ahead. When his vehicle was parallel to the Blazer, Officer Weinbrenner observed the silhouette of a passenger in the front seat and observed a subject in *96 the backseat duck in an apparent attempt to avoid detection.
Agent Weinbrenner also testified that in his 11 years’ experience as an agent with the border patrol, he has become very familiar with Interstate 20 as a popular route for smugglers of illegal aliens to transport their smuggling loads. He further testified that the route from Texas to the Carolinas was popular and that cities in Texas were a major source for staging smuggled aliens before their departure to a work site.
Based on the observations he made, Agent Weinbrenner stopped .the appellant’s vehicle. After speaking to the appellant in Spanish, Agent Weinbrenner determined that the appellant and his wife were Mexican nationals and their two children traveling in the backseat were United States citizens. The appellant consented to a search of the vehicle, as a result of which approximately 13 pounds of marijuana were detected and found inside the driver’s door by a drug-sniffing dog.
“Reasonable suspicion is a less demanding standard than probable cause.” Alabama v. White, 496 U.S. 325, 330, 110 S.Ct. 2412, 110 L.Ed.2d 301 (1990). However, “ ‘reasonable suspicion exists only if the officer has “specific, particularized, and articulable reasons indicating that the person [stopped] may be involved in criminal activity.” ’ ” Owen v. State, 726 So.2d 745, 747 (Ala.Crim.App.1998) (quoting State v. Washington, 623 So.2d 392, 395 (Ala.Crim.App.1993)).
In a recent decision, United States v. Arvizu, 534 U.S. 266, 122 S.Ct. 744, 151 L.Ed.2d 740 (2002), the Supreme Court addressed a similar suppression issue involving roving border patrols. In Arvizu, a border-patrol agent followed behind a minivan after receiving reports of activity on backroads drug smugglers typically used to circumvent border checkpoints. Based on the timing and not seeing other vehicles on the road, the agent proceeded to pull off the road, and he watched a minivan as it approached his vehicle.
The agent observed the minivan’s speed slow dramatically. As it passed, he observed an adult man driving, an adult woman in the front passenger seat, and three children in the back. The border-patrol agent then proceeded to follow the vehicle. The driver appeared stiff and nervous. He did not acknowledge the agent as the agent passed beside the minivan. The agent further observed that the knees of two of the children were raised, as if they were resting on cargo. Following a closer look, the children began to wave in an abnormal pattern at the agent as though they were being instructed. After stopping the vehicle, the agent searched the vehicle with the driver’s consent. He discovered approximately 128 pounds of marijuana in a black duffel bag. The driver moved to suppress the marijuana evidence, arguing that the agent did not have reasonable suspicion to stop the vehicle.
In upholding the lower court’s denial of Arivzu’s motion to suppress, the Supreme Court stressed the importance of proper enforcement of federal drug and immigration laws stating:
“Because the ‘balance between the public interest and the individual’s right to personal security,’ United States v. Brignoni-Ponce, 422 U.S. 873, 878, 95 S.Ct. 2574, 45 L.Ed.2d 607 (1975), tilts in favor of a standard less than probable cause in such cases, the Fourth Amendment is satisfied if the officer’s action is supported by reasonable suspicion to believe that criminal activity ‘ “may be afoot,” ’ United States v. Sokolow, 490 U.S. 1, 7, 109 S.Ct. 1581, 104 L.Ed.2d 1 (1989)(quoting Terry [v. Ohio, 392 U.S. *97 1] at 30, 88 S.Ct. 1868 [, 20 L.Ed.2d 889 (1968]).
“... [W]e have said repeatedly that they must look at the ‘totality of the circumstances’ of each case to see whether the detaining officer has a ‘particularized and objective basis’ for suspecting legal wrongdoing.”
Arvizu, 534 U.S. at 273, 122 S.Ct. at 750.
The Supreme Court’s analysis in Arvizu is applicable in the instant case. Before Agent Weinbrenner stopped the appellant, he made special note of the age of the vehicle — a 1985 Chevy Blazer; the Texas state tags; the heavily tinted windows; and the driving pattern of the vehicle. He also observed the rigid appearance of the driver and the sudden way the passenger in the backseat ducked after noticing that a border agent was near. Relying on knowledge gained through training and 11 years’ experience as a border-patrol agent, Weinbrenner suspected criminal activity was afoot, and he stopped the appellant.
Further, Weinbrenner testified that he knew Interstate 20 was a popular route for alien smugglers and that Texas was a major source for smuggled aliens. He also testified that older model cars were more likely to be used in smuggling because of the risk the vehicle would be forfeited if the driver was caught transporting illegal aliens. Agent Weinbrenner was able to cite “specific, particularized, and articula-ble” grounds, other than mere nervousness, for reasonably suspecting that the appellant was engaged in criminal activity. The trial court’s evaluation of the totality of the circumstances supported Agent Weinbrenner’s decision to stop the appellant’s vehicle based on reasonable suspicion. Therefore, the trial court did not err in denying the appellant’s motion to suppress.
Based on the foregoing, the judgment of the trial court is affirmed.
AFFIRMED.
McMILLAN, P.J., and BASCHAB, J., concur. SHAW, J., concurs in the result, with opinion. COBB, J., dissents, with opinion.